**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4229**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISIDRO ESCALANTE-RIVERA, a/k/a Jose Fernando
Flores-Casares, a/k/a Jose Fernando Melgar-Melgar,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge. (3:14-cr-00163-REP-1)

Submitted: October 23, 2015        Decided: November 10, 2015

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Mary E.
Maguire, Assistant Federal Public Defender, Nicholas J. Xenakis,
OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for
Appellant. Dana J. Boente, United States Attorney, S. David
Schiller, Assistant United States Attorney, Richmond, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isidro Escalante-Rivera appeals his sentence of 21 months of imprisonment, imposed following his guilty plea to illegally reentering the United States after a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). On appeal, Escalante-Rivera argues that the district court committed significant procedural error in refusing to consider Escalante-Rivera's fear of returning to Honduras as a basis for a downward variance. After careful review, we affirm.

In reviewing a sentence for reasonableness, we apply a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must ensure that the district court committed no "significant procedural error," including insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). In its explanation, the district court need not robotically tick through every § 3553(a) factor on the record, particularly when its sentence is within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50.

In making that assessment, "'[n]o limitation [may] be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence.'" Pepper v. United States, 562 U.S. 476, 490-91 (2011) (quoting 18 U.S.C. § 3661 (2012)). In light of "the broad language of § 3661," the Supreme Court has warned that courts have no "basis . . . to invent a blanket prohibition against considering certain types of evidence at sentencing." Id. at 491 (internal quotation mark omitted).

We perceive no procedural error in the district court's consideration of Escalante-Rivera's request for a downward variance based on his fear of living in Honduras. Quite distinct from "invent[ing] a blanket prohibition against considering" that evidence, the district court, in the exercise of its considerable sentencing discretion, merely found that this fear was "not a basis for justifying a variance." Nor was the court's comment regarding Escalante-Rivera's residence with his aunt clearly erroneous.

Therefore, we are unpersuaded by Escalante-Rivera's sole argument, and we conclude that his sentence is procedurally reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED